IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEEANNE SILVA and
DAVID HOLLAND,

           Plaintiffs,

v.                                                          Civil Action No. 2:14-cv-000059

ETHICON, INC., et al.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

On May 22, 2018, a Suggestion of Death was filed by defendants' counsel suggesting the death of DeeAnne Silva during the pendency of this civil action. [ECF No. 11]. On April 9, 2019, defendants filed a Motion to Dismiss for failure to substitute the deceased party. [ECF No. 26].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 308 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Ethicon, Inc. Pelvic Repair System Products Liab. Litig., 2:12-md-2327 [ECF No. 6218], the time to substitute a proper party for the deceased party has expired and there has been no motion to substitute the deceased party.

### I.    Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Colorado co-plaintiffs, one of whom, Ms. Silva, was

1

implanted at University of Colorado Medical Center in Aurora, Colorado with the TVT-S, a mesh product manufactured by Ethicon, Inc. Short Form Compl. [ECF No. 1] ¶¶ 1-11. On May 22, 2018, defendants' counsel filed a Suggestion of Death noting that Ms. Silva died during the pendency of this action [ECF No. 11].

## II. Legal Standards

### a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is party to the action, service must be made on the party's attorney. Fed. R. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly

2

state whether a claim survives a deceased party and to whom survivorship is allowed. *Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### b. PTO # 308

In Pretrial Order ("PTO") # 308, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 308, p. 3, 2:12-md-2327 [ECF # 6218]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3–4.

While this burden is on plaintiffs' counsel, defendants' counsel may also file a suggestion of death on the record. "The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties." *Id.* at 4. If they should fail to

3

serve the suggestion of death, the ninety-day substitution period commences 120 days after defendants' counsel filed the suggestion of death. *Id.*

   c. Choice of Law

If a plaintiff files her claim directly in the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Silva underwent implantation surgery in Colorado. Thus, the choice-of-law principles of Colorado guide the court's choice-of-law analysis. Colorado applies the "most significant relationship" test in tort actions. *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007). Section 145 directs courts to consider four factors: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered. *Id.* at 510. Here, Ms. Silva lived in Colorado and was implanted with the device in Colorado. Thus, I apply Colorado's substantive law to this case.

### III.   Analysis

The defendants' counsel filed a Suggestion of Death on May 22, 2018, noting that Ms. Silva died while this litigation was pending. [ECF No. 11]. According to the record, plaintiffs' counsel took no other action to comply with the requirements of

PTO # 308. Pursuant to Rule 25(a)(1) and PTO # 308 the time for substituting any party or non-party for the deceased plaintiff has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Silva's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). Neither Mr. Holland nor any non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set for in Rule 25 (a) and PTO # 308. Accordingly, the court **ORDERS** that defendants' Motion to Dismiss [ECF No. 26] is **GRANTED in part** insofar as the claims of DeeAnne Silva are **DISMISSED without prejudice**.

While failure to comply with Rule 25(a)(1) prevents Mr. Holland from pursuing claims on Ms. Silva's behalf, Rule 25(a)(2) does not prevent Mr. Holland from pursuing claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). In this matter, only Mr. Holland's claim for loss of consortium remains. In Colorado, a loss of consortium claim is derivative of the underlying claim, but it is only dismissed if the underlying claim is unsuccessful on the merits. *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 495 (Col. Ct. App. 2011) ("separate derivative claims do not have to be pursued in connection with the claims of the injured person"). Accordingly, defendants' Motion to Dismiss [ECF No. 26] is **DENIED in part to the extent defendants seek an order dismissing Mr. Holland.**

## IV. Conclusion

In summary, it is **ORDERED** that defendants' Motion to Dismiss [ECF No. 26] is **GRANTED in part** and **DENIED in part**. The claims of the plaintiff DeeAnne Silva are **DISMISSED** without prejudice pursuant to Rule 25(a)(1) and PTO # 308. The court further **ORDERS** that the Stipulation of Dismissal filed on April 29, 2020 [ECF No. 32], after Ms. Silva's death, is **DENIED** as improper.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record any unrepresented party.

ENTER: November 2, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE